**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1682-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ANDY REYES,

    Defendant-Appellant.

_____

Submitted March 12, 2024 – Decided August 2, 2024

Before Judges Sumners and Perez Friscia.

On appeal from the Superior Court of New Jersey, Law Division, Cumberland County, Indictment No. 15-03-0237.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Jack L. Weinberg, Designated Counsel, on the briefs).

Jennifer Webb-McRae, Cumberland County Prosecutor, attorney for respondent (Stephen C. Sayer, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Andy Reyes, along with four co-defendants, was indicted for two counts of first-degree conspiracy to commit murder, two counts of first-degree murder, two counts of second-degree weapons offenses, felony murder, first-degree conspiracy to commit robbery, fourth-degree unlawful possession of a weapon, and third-degree possession of for an unlawful purpose. Two murders occurred two weeks apart in August 2014: first, a shooting by a co-defendant and, second, a stabbing by defendant.

The State initially offered defendant a plea deal recommending that he receive an aggregate sentence of sixty years with sixty years of parole ineligibility. He rejected the offer—essentially a life sentence for the twenty-year-old defendant—and negotiated an agreement to plead to two amended counts of aggravated manslaughter in exchange for concurrent prison terms of thirty years, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. The sentences would run concurrently to a Middlesex County offense. The plea agreement did not require defendant to testify against his co-defendants.

During his plea colloquy, defendant, upon questioning from trial counsel (first counsel), admitted to reviewing the significant amount of discovery with first counsel, and voluntarily and knowingly pled guilty to two counts of

aggravated manslaughter. Defendant advised the trial court he did not need any more time to consider the plea agreement.

At sentencing a month-and-a-half later, first counsel informed the court that defendant wanted to withdraw his guilty plea and an application to be relieved as counsel was forthcoming. The court declined to postpone sentencing despite counsel's position that he was "not ready." Defendant was thus sentenced in accordance with the plea agreement. Four days later, first counsel moved to withdraw defendant's guilty plea. The next day, he moved to be relieved as counsel.

The court granted first counsel's motion to be relieved as counsel. After second counsel was assigned to represent defendant, she moved to withdraw defendant's guilty plea.

On October 7, 2016, after defendant's sentence was vacated, the parties argued the motion to withdraw defendant's guilty plea. Second counsel asserted the plea agreement was secured through the State's erroneous reliance on a surveillance video which did not show defendant's involvement in the first murder. The State responded that the video was only used to identify the car and never maintained it depicted defendant in the car. By identifying the car, the State was able to connect a co-defendant to the crime and later defendant

and the two other co-defendants. Moreover, the State contended it had substantial evidence of defendant's guilt through defendant's DNA on clothing he was seen wearing in pictures of the crime scene, the victim's blood on his clothing, and defendant's written confession. The court commented the motion had shortcomings, and, if even if granted, the State would not reopen plea negotiations, exposing defendant to a life sentence if he was found guilty of the stabbing murder. Second counsel's subsequent request for a recess to consult with defendant was granted. When court resumed, second counsel advised that defendant was withdrawing his motion and resentencing could proceed. Defendant confirmed counsel's representation and stated he had enough time to talk to counsel about his decision.

During sentencing, second counsel did not argue for a prison term less than the State's recommendation. Finding sentencing aggravating factors three, six, and nine, N.J.S.A. 2C:44-1(a)(3), (6), (9), "qualitatively outweigh[ed]" mitigating factor twelve, N.J.S.A. 2C:44-1(b)(12), the court imposed the recommended sentence.

Almost five years later, defendant filed a petition for post-conviction relief (PCR), claiming first counsel was ineffective by advising him to plead guilty before requesting and obtaining all discovery from the State and

4

investigating the matter. Defendant also claimed first counsel was ineffective at his first sentencing hearing by failing to argue for a lesser prison term than set forth in the plea agreement. Although the trial court vacated that sentence and resentenced him, defendant contended first counsel's inaction impacted resentencing. As to second counsel, defendant claimed she was also ineffective for not seeking a lesser prison term by arguing for the application of mitigating factors four—"substantial grounds tending to excuse or justify the defendant's conduct, though failing to establish a defense," N.J.S.A. 2C:44-1(b)(4)—and thirteen—"conduct of a youthful defendant was substantially influenced by another person more mature than the defendant," N.J.S.A. 2C:44-1(b)(13). He also claimed second counsel failed to investigate potential mitigating circumstances concerning defendant's inpatient psychiatric treatment. The PCR judge rejected defendant's contentions and rendered a written opinion and an order denying the petition without an evidentiary hearing.

Defendant appeals, contending:

> DEFENDANT-PETITIONER IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL WHEN COUNSEL ALLOWED DEFENDANT TO PLEAD GUILTY BEFORE OBTAINING ALL DISCOVERY AND FOR FAILING TO ADVOCATE FOR HIM AT

5

SENTENCING. ULTIMATELY THE COURT
ERRED WHEN IT DENIED THE PETITION.

Based upon our de novo review of the PCR judge's factual findings made without an evidentiary hearing and legal conclusions, State v. Belton, 452 N.J. Super. 528, 536 (App. Div. 2017), we are unpersuaded by these arguments and affirm substantially for the cogent reasons explained in his decision.

In rejecting defendant's claims of ineffective assistance of counsel, the judge applied the two-prong Strickland test that defendant had to show: one, "counsel's performance was deficient"; and two, "the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984); State v. Fritz, 105 N.J. 42, 58 (1987). "An attorney's representation is deficient when it '[falls] below an objective standard of reasonableness.'" State v. O'Neil, 219 N.J. 598, 611 (2014) (alteration in original) (quoting Strickland, 466 U.S. at 688). Prejudice requires "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Ibid. (quoting Strickland, 466 U.S. at 694).

With respect to defendant's charge that first counsel failed to fully investigate, forcing him to pled guilty, the PCR judge found it lacked merit "because the plea transcript indicates [defendant's] knowledge of the [plea] deal, his voluntariness, . . . his intelligent consent to it," and he needed no additional

time to review discovery as he "thoroughly reviewed [it]." Citing State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999), the judge found defendant's contention that the surveillance video was neither presented to nor considered by first counsel was a bald assertion, not supported by an affidavit or certification by someone with personal knowledge. Indeed, the record belied the assertion that the surveillance video was not part of the discovery provided to the defense. Moreover, the judge acknowledged it was uncontroverted that the State did not rely on the video to identify defendant but used it to identify and locate the car used to commit the crimes. As to first counsel's representation at sentencing, the PCR judge determined it had no bearing on defendant's ultimate sentence because the trial court resentenced defendant after relieving first counsel.

Defendant renews the arguments regarding first counsel's performance spurned by the PCR judge. We discern no reason to disturb the judge's ruling as defendant failed to establish a prima facie case of ineffective assistance by not reviewing all discovery with him and not properly investigating all viable defenses. Defendant's bald assertion that first counsel did not receive all discovery is an insufficient basis for PCR. Nothing in the record supports this assertion. There is no sound reason to allow an evidentiary hearing given the

7

lack of an affidavit or certification supporting defendant's contention.  See State v. Marshall, 148 N.J. 89, 158. ("[A]n evidentiary hearing should not be granted for the purpose of permitting a defendant to investigate whether the State has failed to deliver discoverable materials to the defendant.").  There are no material facts relevant to defendant's claims that need to be resolved in an evidentiary heraing.  State v. Porter, 216 N.J. 343, 354 (2013).  Furthermore, considering the uncontroverted evidence establishing defendant's guilt—forensic and confessional—and the generous plea agreement negotiated by counsel, defendant has not shown how he was prejudiced by the first counsel's performance.

Turning to defendant's claims that neither first counsel or second counsel failed to seek a lesser sentence by arguing mitigating factor four and the effects of mental illness, the PCR judge found defendant's mental condition was known to the court through the presentence report and there was no indication that had the argument been raised, it would have impacted his sentence.  In support, the court relied upon State v. Rivera, where our high Court did not apply a mitigating factor to defendant's sentence, despite "her pre-sentence investigation [which] revealed prolonged exposure to alcohol and prescription drugs, as well as a history of treatment at several mental health facilities."  249 N.J. 285, 294

(2021). The PCR judge also found defendant showed no prejudicial impact—he would not have pled guilty or would have received a lighter sentence—from either counsel's decision not to argue mitigating factors four and thirteen given defendant's sentence was thirty years less than the State's offer due to first counsel's negotiation. We discern no reason to disturb the judge's ruling as defendant failed to establish a prima facie case of ineffective assistance at sentencing.

A defense counsel retains and has the obligation to exercise the "unfettered right to argue in favor of a lesser sentence than that contemplated by the negotiated plea agreement." State v. Briggs, 349 N.J. Super. 496, 501 (App. Div. 2002). Indeed, our Supreme Court has that found counsel's "failure to present mitigating evidence or argue for mitigating factors was ineffective assistance of counsel—even within the confines of the plea agreement." State v. Hess, 207 N.J. 123, 154 (2011).

Nonetheless, defendant's plea agreement was, by any objective analysis, extremely favorable: dismissal of two murder charges and related offenses with exposure to life sentences; and pleading to an amended charge of two aggravated manslaughter offenses with concurrent thirty years NERA sentences. Defendant made no showing the unargued mitigating factors would have reduced his

sentence. There was no evidence supporting defendant's contention he suffered from any cognitive or psychiatric disability to sustain mitigating factor four applied. Considering the two manslaughter offenses were committed weeks apart, the facts do not demonstrate a lack of impulsivity and lack of calculated behavior that would warrant application of mitigating factor thirteen should have been applied. See State v. Torres, 313 N.J. Super. 129, 162-64 (App. Div. 1998) (finding no abuse of discretion where sentencing court did not consider defendant's youth as a mitigating factor because defendant planned and carried out a "cold-blooded, execution-style murder" of the victim with "meticulous detail" and "malevolence").

Yet, even if counsel were ineffective for not raising defendant's youth as a mitigating factor, the argument did not have a reasonable probability of reducing defendant's sentence. See Strickland, 466 U.S. at 694; Fritz, 105 N.J. at 52. In sum, defense counsel's failure to raise an unavailing argument that defendant's sentence should have been lighter does not amount to deficient performance based on the record before us. See State v. Worlock, 117 N.J. 596, 625 (1990) ("The failure to raise unsuccessful legal arguments does not constitute ineffective assistance of counsel." (first citing Strickland, 466 U.S. at 688; and then citing Fritz, 105 N.J. at 52)).

To the extent we have not addressed any of defendant's arguments it is because we have concluded that they lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1682-22